

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00029-CR

RICHARD SARDANETA RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2484-C1, Honorable Ralph T. Strother, Presiding

August 19, 2013

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Richard Sardaneta Rios, filed notice of appeal from a conviction for the offense of possession of a controlled substance (methamphetamine), in an amount of four grams or more but less than 200 grams, with intent to deliver,[1] and enhanced sentence[2] of incarceration in the Institutional Division of the Texas Department of

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

[2] Appellant was charged with having committed two prior final felony convictions. He pled true to these allegations, and the trial court found these allegations true. See TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp. 2012).

Criminal Justice for a period of ninety-nine years. The appellate court clerk received and filed the clerk's record on January 22, 2013. The reporter's record was filed with the appellate court clerk on February 26. Consequently, appellant's brief was due to be filed on or before March 28. See TEX. R. APP. P. 38.6(a). Appellant's appointed counsel, Walter "Skip" Reaves, has filed four motions for extension of time to file appellant's brief. This Court granted the first three of these motions, and denied the fourth. Reaves was notified that failure to file appellant's brief by August 1, 2013, may result in the appeal being abated and remanded to the trial court. See TEX. R. APP. P. 38.8(b)(2). Reaves has not filed appellant's brief nor otherwise responded to our July 8 notice of denial of appellant's motion.

Accordingly, we now abate this appeal and remand the cause to the trial court. See id. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether present counsel for appellant has abandoned the appeal; (4) if appellant desires to prosecute this appeal and is indigent, whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the trial court should cause the Clerk of this Court to be furnished the name, address, and

2

State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file findings of fact, conclusions of law, and recommendations addressing the determinations identified above and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court.  See TEX. R. APP. P. 38.8(b)(3).  In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than Monday, September 18, 2013.

Per Curiam

Do not publish.